### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

SABRINA B. PEBBLES,
 *Plaintiff*,

v.

CORPORATE HOLLYWOOD *et al.*,
 *Defendants*

Case No. 25-cv-797-ABA

### MEMORANDUM and ORDER

  Self-represented Plaintiff Sabrina Pebbles filed her complaint on March 10, 2025 in which she alleges that someone named George Golomb had represented her and ultimately gave her an offer for $1.8 billion, that he mailed her a check for the wrong amount, and then the deposited funds were removed from her bank account. ECF No. 1 at 6. She claims that a number of ex-coworkers borrowed money from her and that her bank account reached a zero balance. *Id.* Ms. Pebbles alleges that over a dozen famous celebrities such as Beyoncé, R. Kelly, Diddy, and Mariah Carey are among those ex-coworkers that still owe her multiple millions of dollars each. *Id.* Ms. Pebbles also alleges that she has over 24 children, and these children have been fathered by celebrities such as T.I., Muhammad Ali, and Ludacris. *Id.* at 7-8. She asks the Court to change all the children's last names to "Pebble" and that she needs a place and money to take care of these children. *Id.* at 8. The Court will, on its own initiative, dismiss the complaint for lack of subject matter jurisdiction.

  Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal

courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where no defendant may be a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Ms. Pebbles lists diversity jurisdiction as the basis of federal jurisdiction in this case but lists herself and two of the defendants as residing in Maryland. ECF No. 1 at 2-3. Therefore, she has failed to establish diversity of citizenship jurisdiction.

Moreover, while the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Ms. Pebbles has not paid the fee and has instead moved for *in forma pauperis* status. And, "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Id.* A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (describing frivolousness under now 28 U.S.C. § 1915(g) in the context of self-represented prisoners). Even reading the complaint with deference to Ms. Pebbles, the Court has failed to find any non-frivolous plausible basis for any cause of action. Accordingly, the complaint will be dismissed.

**ORDER**

For the reasons stated above, Ms. Pebbles motion for *in forma pauperis* (ECF No. 2) is DENIED and her complaint is DISMISSED with prejudice. The Clerk of Court shall mark the case as CLOSED.

Date:  April 10, 2025

/s/
Adam B. Abelson
United States District Judge